THE PEOPLE, on the relation of JOHN HOLBROOK and others, *vs.* THE JUDGES OF THE JEFFERSON COMMON PLEAS.

M. W. & J. SYMONDS obtained a judgment in a justice's court against J. Holbrook and others. The defendants entered an appeal to the Jefferson common pleas, which, on the motion of the plaintiffs, was quashed. The defendants applied to the supreme court for a mandamus to vacate the rule of the common pleas quashing the appeal; an alternative mandamus was ordered, and a return made to the same by the common pleas. On the coming in of the return, the supreme court, instead of directing a peremptory mandamus, ordered the relators to demur to the return, which was done, and a peremptory mandamus, and although the relators obtain a judgment by default on demurrer, if the respondents have not appeared or been made *parties* to the demurrer.

The respondents in an appeal cause, on whose motion an appeal is quashed, are not liable to the costs of suing out a mandamus, altho' at their request a return is made to an alternative mandamus, although they oppose the issuing of a peremptory

copy of the demurrer, entitled " The People, on the relation of John Holbrook and others, vs. The Judges of the Court of Common Pleas of Jefferson County," with a notice of a rule to join in demurrer served on R. Lansing, Esq. as "attorney for defendants." When the demurrer was served on Mr. Lansing, he stated to the attorney for the relators that he was not retained by the judges, and that he would not receive the demurrer ; it however was left with him, and at the next term of this court the default of *the judges* was entered, and a peremptory mandamus awarded. The rule of the common pleas was vacated, and the plaintiffs in the action then depending neglecting to bring the same to trial, judgment as in case of nonsuit was rendered against them.

It was now moved, on the part of the relators, that they have leave to enter judgment for costs on the demurrer, or to perfect judgment on the demurrer ; or *that M. W. & J. Symonds pay the costs of the relator in this matter*, insisting that inasmuch as the return to the alternative mandamus was made by the common pleas at the request of the plaintiffs below, and that they had opposed the issuing of a peremptory mandamus on the coming in of the return to the alternative mandamus, they had become parties to the proceeding, and were responsible for the costs.

*J. H. Bronson*, for relators.

*R. Lansing*, contra.

*By the Court*, MARCY, J. The Messrs. Symonds, who are sought to be charged with costs in this case, have done no act which subjects them to a liability for costs. Their application to the common pleas to have a return made to the alternative mandamus, and their opposition to the issuing of a peremptory mandamus, ought not to have that effect. In those particulars, they did no more than what is ordinarily done by parties in cases of mandamus, and yet they are not subjected to costs. Even this court, on the coming in of the return, were not prepared to say that a peremptory mandamus ought to issue, but directed the relators to demur, so that the law of the case might be looked into ; nor were

the Messrs. Symonds parties to the demurrer. In the title, the judges of the Jefferson common pleas, and not the plaintiffs in the original action, were named as parties. Not having done any act, and not being even named as parties, they can in no sense be considered as such; nor can the judges be considered as parties, they having done no act but what their official duties required in obeying the requisitions of this court. The motion of the relators, therefore, is denied.